# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM BOLTON, | CASE NO. 08-CV-2327 H (WMC) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; CARLSON HOTELS WORLDWIDE, INC., a Minnesota Corporation; DOES 1 through 20, inclusive, | |
| Defendant. | |

On May 8, 2009, Defendants in this action filed a motion to dismiss Plaintiff's Complaint. (Doc. No. 18.) On June 22, 2009, Plaintiff filed his opposition to Defendant's motion to dismiss. (Doc. No. 24.) On July 6, 2009, Defendants filed a reply in support of their motion to dismiss. (Doc. No. 27.) After due consideration of the parties' submissions, the Court concludes that this matter is appropriate for resolution without oral argument. Accordingly, the Court submits Defendants' motion to dismiss on the papers under Local Civil Rule 7.1(d)(1). For the following reasons, the Court denies Defendants' motion to dismiss.

## Background

On October 21, 2008, Plaintiff filed a Complaint against Defendants in the San Diego County Superior Court of the State of California. (Doc. No. 1, Ex. 1 [the "Complaint"].)

1  Plaintiff's Complaint alleges causes of action for negligence and negligence per se and seeks
2  damages for personal injuries.  (Id.)

3  Plaintiff alleges that, on or about November 1, 2007, he was a patron in the Super Stars
4  Sports Bar located in the Radisson Hotel in Narita, Japan. (Compl. ¶¶ 7, 10.)  Plaintiff states
5  that, at the bar, he observed a woman near him begin to lose her balance.  Plaintiff reached out
6  his hand to steady the woman, but he was unable to prevent her from falling, and she fell into
7  a glass door at the bar's entrance.  (Compl. ¶¶ 8, 11.)  Plaintiff alleges that, because the door
8  was not made of safety glass, it shattered upon impact into large sharp shards which rained
9  down on Plaintiff and the woman, causing injuries.  (Compl. ¶¶ 9, 12.)

10  The Complaint alleges that Defendant Carlson Hotels Worldwide ("CHW") is the
11  owner, operator, parent company and/or management company of Defendant Radisson Hotels
12  International ("RHI") and actively participated in and controlled the business of RHI. (Compl.
13  ¶ 4.)  The Complaint further alleges that Defendants maintained the Super Stars Sports Bar
14  during the relevant time period, and that they negligently and carelessly designed, constructed,
15  owned, maintained, and inspected the glass door at the entrance.  (Compl. ¶¶ 7, 15.)  Plaintiff
16  asserts that his injuries were directly and proximately caused by each Defendant's negligence
17  in designing, constructing, maintaining, and inspecting the door.  (Compl. ¶ 18.)

18  Defendants move to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6)
19  of the Federal Rules of Civil Procedure, arguing that they neither own nor operate the bar and
20  are therefore not liable for Plaintiff's injuries.

21  **Discussion**

22  **I.     Whether the Court Has Subject Matter Jurisdiction Under Rule 12(b)(1)**

23  Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it
24  determines at any time that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  Rule
25  12(b)(1) provides that a defendant may move to dismiss on the basis that a court lacks subject
26  matter jurisdiction over the action.  Fed. R. Civ. P. 12(b)(1).  The question of constitutional
27  standing is a "threshold matter central to [the Court's] subject matter jurisdiction," and the
28  Court must assure itself that the constitutional standing requirements are satisfied before

1  proceeding to the merits. Fulfillment Svcs. Inc. v. United Parcel Svc., Inc., 528 F.3d 614, 618
2  (9th Cir. 2008).  For these requirements to be met, (1) the plaintiff "must have suffered an
3  injury in fact – an invasion of a legally protected interest," (2) "there must be a causal
4  connection between the injury and the conduct complained of – the injury has to be fairly
5  traceable to the challenged action of the defendant, and not the result of the independent action
6  of some third party not before the court," and (3) "it must be likely . . . that the injury will be
7  redressed by a favorable decision." Paulsen v. CNF, Inc., 559 F.3d 1061, 1072 (9th Cir. 2009)
8  (quotation omitted) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

9  "[A] plaintiff filing an action in federal court has the burden of alleging specific facts
10 sufficient to satisfy the standing elements." Loritz v. U.S. Court of Appeals for the Ninth
11 Circuit, 382 F.3d 990, 992 (9th Cir. 2004).  Here, the Court concludes that Plaintiff has alleged
12 facts sufficient to satisfy the causation requirement for constitutional standing.  Plaintiff's
13 Complaint alleges that Defendants maintained the Super Stars Sports Bar during the relevant
14 time period, and that they negligently and carelessly designed, constructed, owned, maintained,
15 and inspected the glass door at the entrance.  (Compl. ¶¶ 7, 15.)  Plaintiff asserts that his
16 injuries were directly and proximately caused by each Defendant's negligence in designing,
17 constructing, maintaining, and inspecting the door – specifically, their failure to use safety
18 glass.  (Compl. ¶¶ 9, 18.)

19  Instead of attacking the allegations of the complaint, a motion to dismiss for lack of
20 subject matter jurisdiction "may be made as a 'speaking motion' attacking the existence of
21 subject matter jurisdiction in fact." Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594
22 F.2d 730, 733 (9th Cir. 1979).  Here, Defendants make such a factual attack, arguing that there
23 can be no causation because they neither own nor operate the subject premises.  (Mot. at 5-6.)
24 Specifically, Defendants assert that Northwest Airlines owns both the Radisson Hotel Narita
25 Airport and the Super Stars Sports Bar located within.  (Mot. at 3.)  Defendants further argue
26 that their subsidiary, Carlson Hotels Asia Pacific Pty Ltd. ("CHAP"), is the Radisson entity
27 responsible for managing the subject hotel, so that their liability would have to be imputed
28 through CHAP.  (Mot. at 4.)  Defendants seek to prove their lack of control over CHAP and

1  the premises through several declarations and accompanying exhibits.  (Doc. No. 18-2, -3, -4,
2  -5.)  "Where the jurisdiction issue is separable from the merits of the case, the judge may
3  consider the evidence presented with respect to the jurisdictional issue and rule on that issue,
4  resolving factual disputes if necessary."  Thornhil, 594 F.2d at 733.  However, "if the attack
5  on jurisdiction requires the court to consider the merits of the case, the court has jurisdiction
6  to proceed to a decision on the merits."  Id. at 734 (citing Land v. Dollar, 330 U.S. 731, 739
7  (1947)).

8       In this case, Defendants challenge the causation element of constitutional standing.
9  (Mot. at 5-6.)  However, causation is also an essential element of a negligence claim under
10  California law.  Phillips v. TLC Plumbing, Inc., 91 Cal. Rptr. 3d 864, 868 (Cal. Ct. App. 2009)
11  (the elements of a negligence claim are "(1) a legal duty to use reasonable care, (2) breach of
12  that duty, and (3) proximate or legal cause between the breach and (4) the plaintiff's injury.").
13  The extent of Defendants' control over the subject premises will also determine whether
14  Plaintiff can show that Defendants had a legal duty to use reasonable care.  Thus, Defendants'
15  jurisdictional attack is inevitably an attack on the first and third elements of Plaintiff's
16  negligence claim.

17       Accordingly, because Defendants' jurisdictional attack goes to the merits of the case,
18  the Court concludes that the arguments are better suited to a motion for summary judgment,
19  rather than a Rule 12(b)(1) motion.  Thornhill, 594 F.3d at 734.

20  **II.     Whether Plaintiff's Complaint States a Claim Under Rule 12(b)(6)**

21       Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain
22  statement of the elements of his or her claim, identifying the transaction or occurrence giving
23  rise to the claim and the elements of the prima facie case."  Bautista v. Los Angeles County,
24  216 F.3d 837, 840 (9th Cir. 2000).  This statement must be sufficient to "give the defendant
25  fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v.
26  Gibson, 355 U.S. 41, 47 (1957).  Rule 12(b)(6) provides that a complaint may be dismissed for
27  "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  A
28  complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states

1  insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc.,
2  749 F.2d 530, 534 (9th Cir. 1984). The Supreme Court has stated that the factual allegations
3  of a complaint must be "enough to raise a right to relief above the speculative level." Bell
4  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The pleading standard of Rule 8
5  "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a
6  complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual
7  enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S.
8  Ct. at 1966).

9  In general, the scope of review on a motion to dismiss for failure to state a claim is
10 limited to "allegations contained in the pleadings, exhibits attached to the complaint, and
11 matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir.
12 2007).

13 Here, Defendants argue that, even if Plaintiff's Complaint presents a cognizable legal
14 theory, it fails to plead essential facts necessary to support that theory. (Mot. at 7.) Under
15 California law, the elements of a negligence claim are: "(1) a legal duty to use reasonable care,
16 (2) breach of that duty, and (3) proximate or legal cause between the breach and (4) the
17 plaintiff's injury." Phillips v. TLC Plumbing, Inc., 91 Cal. Rptr. 3d 864, 868 (Cal. Ct. App.
18 2009). Defendants point out that "a defendant cannot be held liable for a defective or
19 dangerous condition of property which defendant did not own, possess, or control." Hamilton
20 v. Gage Bowl, Inc., 8 Cal. Rptr. 2d 819, 822 (Cal. Ct. App. 1992). Defendants state that they
21 neither own nor control the bar at which Plaintiff was injured, and argue on that basis that
22 Plaintiff has "failed to demonstrate any connection between RHI and CHW and the supposedly
23 negligent conduct that led to [Plaintiff's] injuries." (Mot. at 7.)

24 However, Plaintiff's Complaint does allege such a connection, when it states that
25 Defendants maintained the Super Stars Sports Bar during the relevant time period, and that
26 they negligently and carelessly designed, constructed, owned, maintained, and inspected the
27 glass door at the entrance. (Compl. ¶¶ 7, 15.) Defendants seek to introduce evidence
28 demonstrating that these allegations are false. However, the Court declines to consider the

declarations and exhibits submitted by Defendants. They are not "part of the complaint," nor are they subject to judicial notice. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Swartz, 476 F.3d at 763.[1] A 12(b)(6) motion only tests the sufficiency of the plaintiff's allegations, which must "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. "[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

Accordingly, the Court concludes that Plaintiff's Complaint states a claim for negligence against Defendants. Defendants may avoid liability by demonstrating a lack of control over the subject premises, but a determination as to the extent of that control requires consideration of evidence not properly before the Court on a motion to dismiss.

IT IS SO ORDERED.

DATED: July 9, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] Defendants request that the Court convert their motion to one for summary judgment under Federal Rule of Civil Procedure 12(d). (Mot. at 9.) Whether to effect such a conversion is within the Court's discretion. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Exercising its discretion, the Court declines to convert Defendants' motion into one for summary judgment, as the parties have not completed discovery and Defendant is in control of the relevant evidence.